UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION NO. 12-1602 |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| S.P. DAVIS, SR., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Before the undersigned magistrate judge on reference from the District Court is a disjunctive motion to consolidate the above-captioned matter with *United States v. S.P. Davis, Sr.*, Civ. Action No. 15-0050, or alternatively, for extension of time to file supplemental briefs [doc. # 69] filed by defendants, S.P. Davis, Sr.; Kharmen Davis; S.P. Davis, Jr; Willie J. Singleton; and Andrew Davis, Jr. For reasons assigned below, the motion [doc. # 69] is DENIED, in its entirety. [1]

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: **(1)** join for hearing or trial any or all matters at issue in the actions; **(2)** consolidate the actions; or **(3)** issue any other orders to avoid unnecessary cost or delay." Fed.R.Civ.P. 42(a). However, Rule 42(a) is permissive and consolidation lies within the discretionary authority of the court. *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013-1014 (5th Cir. 1977) (citations omitted). "[I]t is for the

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

court to weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." *Daybrook Fisheries, Inc. v. American Marine Const.*, 1998 WL 748586, *2 (E.D. La. 10/19/1998) (quoting 9 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 2383 at 439 (2nd ed.1995)).  Consolidation is properly denied where suits are at different stages of preparation, the transactions forming the basis of the suits are entirely separate, or where consolidation would prejudice the rights of the parties involved.  *See Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989); *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1983); and *St. Bernard Gen. Hosp., Inc. v. Hos. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989-90 (5th Cir. 1983).

    Here, the government filed both suits to foreclose on properties to satisfy the tax debt of S. P. Davis, Sr. and/or Willie J. Singleton.  Thus, while the cases may share a common basis for liability and one or more overlapping defenses, that is where the similarities end.  For instance, the subject of the foreclosure in Civil Action No. 12-1602 is the residence of S.P. Davis, Sr., which presents issues of community property, whereas Civil Action No. 15-0050 seeks foreclosure of separate, commercial property.  Furthermore, all parties in both suits are not identical.  The court emphasizes that Civil Action No. 12-1602 is an almost three year old case, with pending summary judgment motions that are fully briefed and ripe.  *See* discussion, *infra*.  In contrast, Civil Action No. 15-0050, remains in its infancy, with one party that has not even answered the suit.

    In addition, the court does not discern any considerations of judicial economy or threat of inconsistent judgments that would compel consolidation.  Both cases are assigned to the same District Judge.  Thus, to the extent that there are any common issues of law between the suits, the

parties and the court can readily transfer the principles settled in the earlier suit to the subsequent case. Similarly, with the same judge in both suits, inconsistent judgments are unlikely.

Finally, defendants have not established good cause to support additional briefing on the pending dispositive motions, or why they need an additional 60 days to do so. Defendants last filed a supplemental memorandum in June 2014. [doc. # 60]. To the extent that they intend to update the court regarding the status of payments made towards satisfaction of judgment, they clearly do not require an additional 60 days to do so. In fact, defendants previously managed to update the court regarding their payments simply by filing notices in the record – without obtaining prior court approval. *See* doc. #s 64 & 66. Moreover, more than 40 days have lapsed since defendants filed their motion – a delay that is more than sufficient for them to have prepared and submitted their proposed memorandum so that the court might have considered it together *with* the motion, rather than the motion in the present, speculative vacuum. Accordingly,

IT IS ORDERED that the disjunctive motion to consolidate the above-captioned matter with *United States v. S.P. Davis, Sr.*, Civ. Action No. 15-0050, or alternatively, for extension of time to file supplemental briefs [doc. # 69] filed by defendants, S.P. Davis, Sr.; Kharmen Davis; S.P. Davis, Jr; Willie J. Singleton; and Andrew Davis, Jr, is hereby DENIED, in its entirety.

In Chambers, at Monroe, Louisiana, this 5th day of May 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE