**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT**

UNITED STATES OF AMERICA          CIVIL ACTION NO. 12-1602

VERSUS                            JUDGE S. MAURICE HICKS, JR.

S.P. DAVIS, SR., S.P. DAVIS, JR.,      MAGISTRATE JUDGE HAYES
KHARMEN K. DAVIS AND REGIONS
BANK

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment filed by S.P. Davis, Sr.,

S.P. Davis, Jr. and Kharmen Davis ("the Davis Defendants") and a Motion for Summary

Judgment filed by the Plaintiff, United States ("the Government"). See Record Documents

49 & 52.

In their Motion for Partial Summary Judgment, the Davis Defendants ask this Court

to use its discretion and not enforce seizure of the property in question, but in the event

seizure is ordered, to award S.P. Davis, Jr. and Kharmen Davis one-fourth (1/4) each of

any proceeds from the sale of the property after satisfaction of the debt securing the

Mortgage. See Record Document 49.

The Government opposes the motion and has filed its own Motion for Summary

Judgment. In its Motion for Summary Judgment, the Government asks the Court to enforce

the seizure of the Property and distribute the proceeds from the sale of the Property

according to the security interests. The Government argues that under Louisiana law, the

tax liability of S.P. Davis Sr. may be partially satisfied by the sale of the community property

in question.   For the reasons which follow, the Davis Defendants' Motion for Partial

Summary Judgment (Record Document 49) is **DENIED** and the Government's Motion for

Summary Judgment (Record Document 52) is **GRANTED**.

## BACKGROUND

S.P. Davis, Sr. ("Davis, Sr.") and Sharon Davis were married in Louisiana on July 28, 1979. (Record Document 49-3).  They did not enter a matrimonial agreement excluding the legal regime of community of acquets and gains. Id.  On May 25, 1989, they used community funds to purchase the property in question ("Property"), making it community property. Id. The property at issue is located at 2129 North Cross Drive, Shreveport, LA 71107. (Record Document 38).  The Property is now the subject of the Government's foreclosure action.  (Record Documents 38, 47).

On August 16, 2002, a delegate of the Secretary of the Treasury made assessments against Davis, Sr. for the trust fund portion of the unpaid federal employment taxes of three related businesses, Winward Institute, Inc., Winward Health Care Center, Inc. and Mynex, Inc. See id.  As a result of the assessments, a federal tax lien arose and attached to all property and rights belonging to Davis, Sr. (Record Documents 52-7, 52-8, 52-9).  Davis, Sr. filed a complaint in the United States District Court for the Western District of Louisiana on January 27, 2006 seeking a refund of the amounts he had paid toward the federal tax liabilities. (Record Documents 38, 47).  The U.S. counterclaimed seeking a judgment for the unpaid balance of those liabilities. Id.  The Court entered Judgment in favor of the United States on October 7, 2008 in the amount of $3,152,652.85 as to S.P. Davis, Sr. Id. It was determined that as a matter of law, Davis, Sr. was a person responsible for the collection and payment of the employment taxes of the three companies and that Davis,

Sr. willfully failed to make the tax payments along with the other co-defendants.  (Record Document 38).  Davis, Sr. and Sharon Davis were husband and wife during the time that Davis, Sr. accrued the trust fund liabilities and they remained husband and wife until Sharon Davis' death on May 12, 2013. Id.

Regions Bank holds a valid mortgage encumbering the Property, which was recorded in Caddo Parish, Louisiana on October 23, 2001 and timely re-inscribed on May 4, 2011.  (Record Document 20).  The federal tax lien arose on August 16, 2002.  (Record Documents 52-7, 52-8, 52-9)  As of December 11, 2013, the payoff amount of the loan secured by the Mortgage was $223,809.60.  (Record Document 49-5).

No succession proceeding has been opened for Sharon Davis following her death.  (Record Document 49-1 at ¶ 10).  There is no affidavit of death and heirship, however, Kharmen Davis and S.P. Davis, Jr appear to be the only intestate descendant heirs of Sharon Davis. Id. at ¶ 11.  Kharmen Davis and S.P. Davis, Jr., by operation of law,  each inherited one-half (½) of the naked ownership of Sharon Davis' former interest in the community property, giving Kharmen and Davis, Jr. each an undivided one-fourth (1/4) naked ownership of the Property.  (Record Document 49-3).  Davis, Sr. by operation of law, has, a legal usufruct over the one-half (½) naked ownership interest that passed to Kharmen and Davis, Jr. See La. Civ. Code Art. 880, et seq.


**ANALYSIS**

**I.     Summary Judgment and Partial Summary Judgment Standard.**

Rule 56(a) provides, in pertinent part:

> Motion for Summary Judgment *or Partial Summary Judgment*. A party may move for summary judgment, identifying each claim or defense--*or the part of each claim or defense*--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

F.R.C.P. 56(a) (emphasis added)[1]; see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[2]  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).  If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir.2002).

---

[1]The Advisory Committee Notes reflect that subsection (a) was amended in 2010 "to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense" and "the common phrase 'partial summary judgment'" was added.

[2]The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the Court's analysis.  F.R.C.P. 56(a) and Advisory Committee Notes.

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir. 2000).  Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial.  See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir. 1993).

## II.  Foreclosure Action Pursuant to 26 U.S.C §7403

Under 26 U.S.C. §7403, the Court may enforce a tax lien in district court resulting from a civil action that was filed as a result of refusal or neglect to pay taxes.  Subsection (c) provides the mechanism by which the Court may order a sale of property to pay a tax lien:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. If the property is sold to satisfy a first lien held by the United States, the United States may bid at the sale such sum, not exceeding the amount of such lien with expenses of sale, as the Secretary directs.

The Davis Defendants argue that the language of §7403 is permissive with respect to whether or not the Court is required to sell property to satisfy a tax lien.  They draw attention to the use of the term "may" when referring to the sale of the property and the United States bidding at such sale.  It is their argument that the sale of the Property in this case will not bring in adequate money to satisfy the tax lien based on the likelihood the Property will sell for less than its fair market value, along with the number of outstanding

Page 5 of  9

claims of third party creditors.

It is important to note that the purpose behind 26 U.S.C. §7403 is to collect payment as a result of an individual refusing or neglecting to pay their taxes.  The refusal or neglect to pay taxes is not something that this Court regards lightly, and the sale of property to satisfy such nonpayment is an act which is deemed to have great importance.  There is no doubt that §7403 provides this Court with discretion, but it merely provides that the Court "**may**" choose not to enforce a tax lien by ordering the sale of a property.  In this instance, taking into consideration the amount of money that is owed by Davis, Sr., and the lapse of almost seven (7) years from entry of judgment on October 7, 2008, this Court finds that a foreclosure sale of the Property is the appropriate remedy.

### III. Louisiana Law on Classification of Property

Now that the Court has determined the sale will occur, it must be determined what portion of the proceeds of the sale apply to satisfy the security interests.  The classification of the property will dictate what percentage of the proceeds may go towards the security interests held by the Government and Regions Bank.   In order to determine the classification of the property, it is necessary to look to state law.  It is well established that:

> both federal and state courts must look to state law, for it has long been the rule that in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property sought to be reached by the statute.

 Aquilino v. United States, 363 U.S. 509, 512-13 (1960), citing Morgan v. Commissioner, 309 U.S. 78 (1940).  Therefore, the Court must look to Louisiana state law to determine what interest Davis, Sr. has in the Property.

It is undisputed that the subject Property qualifies as community property that Davis, Sr. and Sharon Davis acquired during their marriage.  As no succession proceedings have been opened with regards to Sharon Davis, this Court proceeds with its analysis under operation of law for an intestate succession.  Davis, Sr. owns one-half (½) of the community property of right and has a legal usufruct over Sharon's one-half (½) of the community property with their children having an undivided one-half naked ownership interest in the community property. There is no doubt that the proceeds from the sale of Davis, Sr.'s full ownership of one-half (½) of the Property can be sold and applied towards satisfaction of the tax lien.  The larger question arises as to whether Sharon Davis' one-half interest of the community, which has now passed in naked ownership to her children and is subject to the usufruct of their father, can be sold to satisfy the tax lien of her surviving husband, Davis, Sr.

Louisiana Civil Code Art. 2345 provides the framework for how an obligation may be satisfied during a community regime.   It states that "[a] separate or community obligation may be satisfied during the community property regime from community property and from the separate property of the spouse who incurred the obligation." La. C.C. Art. 2345.   There are two types of obligations, community and separate.   A community obligation is "[a]n obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation."  La. Civ. Code Art. 2360.  A separate obligation is

> one incurred by that spouse prior to the establishment of a community property regime, or one incurred during the existence of a community property regime though not for the common interest of the spouses or for the interest of the other spouse.  An obligation resulting from an intentional wrong or an obligation incurred for the separate property of a spouse is

likewise a separate obligation to the extent that it does not benefit both spouses, the family, or the other spouse.

La. Civ. Code Art. 2363.  The language of La. Civil Code Art. 2345 does not make a distinction between separate or community obligation with regards to what may be satisfied from community property during the community property regime.  The tax lien was filed on August 16, 2002 during the existence of the community.  Clearly, Davis Sr. and Sharon Davis were married at the time the obligation was incurred.

The Davis Defendants argue that the community property regime was terminated at the death of Sharon Davis, and her one-half (1/2) interest passed to her two children, with Kharmen Davis and S.P. Davis, Jr. each receiving a one-fourth (1/4) interest in the Property.  (Record Document 49-2).  They argue that the federal tax lien attached to only Davis Sr.'s one-half (1/2) interest in the Property, and not to his deceased wife's portion of the community property.

Louisiana Civil Code Art. 2357 governs satisfaction of an obligation after the termination of the regime: "An obligation incurred by a spouse before or during the community property regime may be satisfied after the termination of the regime from the property of the former community and from the separate property of the spouse who incurred the obligation." Under La C.C. Art. 2357, because the obligation was incurred by Davis, Sr. during the community property regime, payment of the obligation may be satisfied after the termination of the regime from a sale of the Property. The subject Property is the property of the former community and is subject to seizure and sale, irrespective of the inherited interests of her children.

It is clear from examining the relevant federal and state statutes and case law that

there is no genuine dispute as to any material fact.  The United States may seize and sell

the property, and apply the proceeds from the sale towards the tax lien owed to the United

States, subject only to prior recorded, superior security interests.

## CONCLUSION

Defendants' Motion for Partial Summary Judgment is hereby **DENIED** and Plaintiff's

Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of September,

2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE