UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 12-1602 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| S.P. DAVIS, SR., S.P. DAVIS, JR., KHARMEN K. DAVIS AND REGIONS BANK | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court is a Motion to Alter or Amend Judgment or, Alternatively Motion for a New Trial filed by S.P. Davis, Sr., S.P. Davis, Jr. and Kharmen Davis ("the Davis Defendants"). See Record Document 85. The United States filed a Memorandum in Opposition to the Motion to Alter or Amend Judgment (Record Document 87).

For the reasons which follow, the Davis Defendants' Motion to Alter or Amend Judgment or, Alternatively Motion for a New Trial (Record Document 85) is **DENIED**.

## BACKGROUND

S.P. Davis, Sr. ("Davis, Sr.") and Sharon Davis were married in Louisiana on July 28, 1979. (Record Document 49-3). They did not enter a matrimonial agreement excluding the legal regime of community of acquets and gains. Id. On May 25, 1989, they used community funds to purchase the property in question ("Property"), making it community property. Id. The property at issue is located at 2129 North Cross Drive, Shreveport, LA 71107. (Record Document 38). The Property is now the subject of the Government's foreclosure action. (Record Documents 38, 47).

On August 16, 2002, a delegate of the Secretary of the Treasury made assessments against Davis, Sr. for the trust fund portion of the unpaid federal employment taxes of three

related businesses, Winward Institute, Inc., Winward Health Care Center, Inc. and Mynex, Inc. See id. As a result of the assessments, a federal tax lien arose and attached to all property and rights belonging to Davis, Sr. (Record Documents 52-7, 52-8, 52-9). Davis, Sr. filed a complaint in the United States District Court for the Western District of Louisiana on January 27, 2006 seeking a refund of the amounts he had paid toward the federal tax liabilities. (Record Documents 38, 47). The U.S. counterclaimed seeking a judgment for the unpaid balance of those liabilities. Id. The Court entered Judgment in favor of the United States on October 7, 2008 in the amount of $3,152,652.85 as to S.P. Davis, Sr. Id. It was determined that as a matter of law, Davis, Sr. was a person responsible for the collection and payment of the employment taxes of the three companies and that Davis, Sr. willfully failed to make the tax payments along with the other co-defendants. (Record Document 38). Davis, Sr. and Sharon Davis were husband and wife during the time that Davis, Sr. accrued the trust fund liabilities and they remained husband and wife until Sharon Davis' death on May 12, 2013. Id.

Regions Bank holds a valid mortgage encumbering the Property, which was recorded in Caddo Parish, Louisiana on October 23, 2001 and timely re-inscribed on May 4, 2011. (Record Document 20). The federal tax lien arose on August 16, 2002. (Record Documents 52-7, 52-8, 52-9) As of December 11, 2013, the payoff amount of the loan secured by the Mortgage was $223,809.60. (Record Document 49-5).

No succession proceeding has been opened for Sharon Davis following her death. (Record Document 49-1 at ¶ 10). There is no affidavit of death and heirship, however, Kharmen Davis and S.P. Davis, Jr appear to be the only intestate descendant heirs of Sharon Davis. Id. at ¶ 11. Kharmen Davis and S.P. Davis, Jr., by operation of law, each

inherited one-half (½) of the naked ownership of Sharon Davis' former interest in the community property, giving Kharmen and Davis, Jr. each an undivided one-fourth (1/4) naked ownership of the Property. (Record Document 49-3). Davis, Sr. by operation of law, has, a legal usufruct over the one-half (½) naked ownership interest that passed to Kharmen and Davis, Jr. See La. Civ. Code Art. 880, et seq.

This Court denied Defendants' Motion for Partial Summary Judgment (Record Document 49) and granted the United States' Motion for Summary Judgment (Record Document 52) in an Order dated September 24, 2015. See Record Document 82. The Order authorized the United States to "seize and sell the subject property and apply the proceeds from the sale towards the tax lien owed to the United States, subject only to the prior recorded, superior security interest." Id.

The Davis Defendants request that "this Court vacate the Memorandum Ruling and Judgment entered September 24, 2015 (Rec. Docs. 81, 82) and enter an order denying the United States' Motion for Summary Judgment. See Record Document 85.

**ANALYSIS**

Defendants have filed this motion under Federal Rule of Civil Procedure 59(e) which provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Davis Defendants have attached a 1996 property appraisal of the subject property, which was not part of their Opposition to the United States' Motion for Summary Judgment. They also make the argument that any amount the United States is able to recover from the forced sale will be minimal, and will not satisfy the indebtedness owed by Davis, Sr. to the United States. The Fifth Circuit has held that there are four factors for the court to consider when reviewing a motion to alter or amend a judgment that

includes new evidence. The four factors are:

> (1) reasons for the moving party's default, (2) importance of the omitted evidence to the moving party's case, (3) whether the evidence was available to the non-movant before it responded to the summary judgment motion, and (4) the likelihood that the non-moving party will suffer unfair prejudice if the case is reopened.

See Templet v. HydroChem, Inc., 367 F. 3d 473 (5th Cir. 2004) citing Lavespere v. Niagara Machine & Tool Works, Inc., 910 F. 2d 167 (5th Cir. 1990).

Defendants have incorporated the arguments made in their opposition to the United States' Motion for Summary Judgment (Record Document 55), and also urge the Court "to consider the extreme detriment Mr. Davis will suffer if the United States is permitted to seize and sell his home, and the minimal benefit, if any, the United States will receive from such a sale." Record Document 85-1. Additionally, Defendants have attached a 1996 residential appraisal for the property in the amount of $373,500. See Record Document 85-2.

The United States has filed an Opposition to Defendants' Motion to Alter or Amend Judgment or, Alternatively Motion for a New Trial. See Record Document 87. The United States argues that the Davis Defendants have provided no evidence that the Court committed a manifest error of law in entering a summary judgment against them.

It is first necessary to address whether the 1996 property appraisal is "new evidence" such that it falls within the Lavespere factors. As this evidence was not included in the briefing on the United States' Motion for Summary Judgment, this Court will treat the appraisal as new evidence.

This Court looks to the four Lavespere factors to determine whether the relief sought by the Davis Defendants is appropriate. The first factor requires that we look to reasons


for the moving party's default. In this case that requires looking at the reason(s) the Davis Defendants failed to include this evidence in their opposition to the United States' Motion for Summary Judgment. No explanation has been provided as to why this appraisal was not included with the original Motion for Summary Judgment or the Opposition to the United States' Motion for Summary Judgment. With no reason as to the detriment, this factor goes against the Davis Defendants.

The second factor is the importance of the omitted evidence to the moving party's case. With regards to the 1996 property appraisal, there appears to be very little importance to this evidence. An appraisal that is twenty years old has little bearing on the property value of the subject property at this time. Further, the value of the property is irrelevant to the analysis contained within the Judgment granting the United States' Motion for Summary Judgment. It is difficult for this Court fo find any importance with regards to the 1996 property appraisal.

The third factor is whether the evidence was available to the non-movant before it responded to the summary judgment motion. In light of the fact that the property appraisal dates from 1996 and the Davis Defendants filed their response to the United States' Motion for Summary Judgment on November 6, 2015, there appears to be no question that the evidence was available to the Davis Defendants when they filed their Opposition. Further, the Davis Defendants have provided no evidence to the contrary.

The final factor is the likelihood that the non-moving party will suffer unfair prejudice if the case is reopened. In this instance, the United States has been seeking the sale of this subject property for some time in order to satisfy the tax liens of Davis, Sr. There is no doubt that if this case were to be reopened they would continue to suffer the effects of

delaying the sale of the property. In light of the fact, that the "new" evidence is in fact twenty years old, it would be unfairly prejudicial to the United States if this case were to be reopened solely based on that evidence.

In light of the four factors, it is clear that the Davis Defendants have failed to establish the need for the Judgment granting the United States' Motion for Summary Judgment to be altered or amended.

## CONCLUSION

Accordingly, Defendants' Motion to Alter or Amend Judgment or, Alternately Motion for a New Trial is hereby **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of July, 2016.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE